■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KEVIN JUSTICE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Broomer, J.), rendered August 4, 1988, convicting him of robbery in the first degree and intimidating a witness in the third degree under Indictment No. 9400/1987, upon a jury verdict, and a judgment of the same court (Goldman, J.), rendered August 19, 1988, convicting him of attempted robbery in the first degree under Indictment No. 5534/86, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We find unpersuasive the defendant's contention that the trial court erred in refusing to allow two defense witnesses to testify regarding money which the defendant owed to the complaining witness.

"The evidence to show the hostile feelings of a witness when it is alleged to exist should be direct and positive, and not very remote and uncertain, for the reason that the trial of the main issues in the case cannot be properly suspended to make out the case of hostile feeling by mere circumstantial evidence from which such hostility or malice may or may not be inferred" *(Schultz v Third Ave. R. R. Co.,* 89 NY 242, 250; *People v Ayers,* 161 AD2d 770, 771).

Accordingly, the court did not improvidently exercise its broad discretion in precluding the testimony of the two defense witnesses. It is clear from the testimony of the first witness outside of the jury's presence and from counsel's offer of proof as to the second witness's testimony that they could not provide direct and positive evidence of the complaining witness's hostility toward the defendant. Therefore, the proffered testimony was properly excluded.

Nor did the court err in restricting examination of the defendant with regard to the complaining witness's alleged drug selling. The court permitted extensive questioning of the defendant on this subject. Therefore, the court's decision to limit further questioning was not an improvident exercise of discretion *(see, People v Folk,* 145 AD2d 505).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.