**David Kevin JUSTICE, Petitioner–Appellee,**

v.

**Robert HOKE, Superintendent, Eastern Correctional Facility, Respondent–Appellant.**

**No. 575, Docket No. 94–2280.**

United States Court of Appeals, Second Circuit.

Argued Oct. 6, 1994.

Decided Jan. 10, 1995.

Andrew C. Fine, New York City (Philip L. Weinstein, Legal Aid Soc., of counsel), for petitioner-appellee.

Nancy F. Talcott, Asst. Dist. Atty., of Kings County, Brooklyn, NY (Charles J. Hynes, Dist. Atty., of Kings County, Roseann B. MacKechnie, Richard T. Faughnan, Asst. Dist. Attys., of Kings County, of counsel), for respondent-appellant.

Before: LUMBARD, FEINBERG, and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

Respondent-appellant Robert Hoke, Superintendent, Eastern Correctional Facility, appeals from a judgment entered May 25, 1994 in the United States District Court for the Eastern District of New York, Edward R. Korman, *Judge,* that granted a writ of habeas corpus to petitioner-appellee David Kevin Justice. Petitioner had been convicted in the Supreme Court of the State of New York, Kings County, of robbery in the first degree and intimidating a witness in the third degree. *See People v. Justice,* 172 A.D.2d 851, 569 N.Y.S.2d 456 (2d Dep't), *appeal denied,* 78 N.Y.2d 923, 573 N.Y.S.2d 476, 577 N.E.2d 1068 (1991). The district court held that the jury charge in the state case was constitutionally deficient "because it failed to convey to the jury its obligation to apply the reasonable doubt standard in determining the facts."

We reverse.

 Criminal convictions may issue only upon proof beyond a reasonable doubt of every element of the charged offense. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). However, when reviewing a jury charge for constitutional infirmity, we must consider the challenged portion of the charge not "in artificial isolation," but rather "in the context of the overall charge." *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). A constitutional violation occurs only if "[t]here is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." *Victor v. Nebraska,* — U.S. —, —, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994).

The challenged portion of the charge appears toward the end of the instructions. Earlier, in the general portion of the charge, the jury was told:

> In this and in every criminal case, the accused is presumed to be innocent and that presumption remains with him throughout the trial, until and unless, if

ever, his guilt is proved beyond a reasonable doubt. That presumption of innocence continues right through the trial. It exists now and accompanies the case into the jury room. It is only overcome where the evidence which you accept and believe convinces you beyond a reasonable doubt that the defendant is guilty. The burden of proving the defendant guilty beyond a reasonable doubt remains upon the prosecution throughout the trial and never shifts to the defendant. No defendant is required to prove his innocence. Each element of any crime submitted to you, as I will define the elements, must be proved beyond a reasonable doubt. The rule of law is that the defendant's guilt as to each and every element of any crime submitted to you by the Court must be proved beyond a reasonable doubt by the prosecution. If this burden is not fulfilled, you must acquit the defendant. If this burden is fulfilled, you may convict the defendant.

> . . . .

> Concentrate on whether the People have proved to your satisfaction beyond a reasonable doubt each and every element of the charges I am going to give you.

In addition, during the portion of the instructions addressing the specific elements of the crimes charged, the jury was repeatedly reminded that it may convict only after finding that each element was proved beyond a reasonable doubt. After hearing those instructions, the jury was given the challenged portion of the charge:

> Very shortly, you're all going to go into that jury room and you will sit down around the table and sort out what you heard, and by following the Court's instructions and applying the tests that I gave you, and very often in cases where there are disputed facts, it's helpful if you zero in on the testimony right away, who do you believe, who do you disbelie[ve], who's hiding, who's telling the truth, who is fudging, who's honest, et cetera. And if you can make those decisions at the beginning of your deliberations, then the case falls into place. Leave the law alone for a moment. I think it's a truism in the law, which is know your facts and the law will

almost take care of itself. But, figuratively speaking, you have to sort out the facts. *Decide in your own minds who you believe, what happened here, et cetera, and then once you're reconciled and agreed as to the facts, look at the law and see if the People have met their burden beyond a reasonable doubt as to each and every element.* That's just a suggestion. You're free to conduct your deliberations in any manner you deem appropriate.

Emphasis added.

The district court regarded the emphasized portion of the foregoing instruction as constitutionally defective "because it failed to convey to the jury its obligation to apply the reasonable doubt standard in determining the facts," and there was nothing "in the charge when taken as a whole that diminishe[d] the effect of the [challenged] instruction." Pressing this argument on appeal, Justice contends that the challenged instruction impelled the jury to determine the facts of the case without regard to the reasonable doubt standard, and then fill in the blanks of the legal elements of the charged crimes with the previously, unconstitutionally determined facts, with the reasonable doubt standard operating belatedly and ineffectively only at the latter juncture. As Justice puts the matter in his appeal brief: "The reasonable doubt standard would apply only to the purely mechanical exercise of comparing previously determined facts with the definition of the crimes at issue."

█ Viewing the jury charge as a whole, we do not believe that there exists a reasonable likelihood that the jury applied an incorrect standard. They were instructed many times that the prosecution must prove each element of the charged crimes beyond a reasonable doubt. It is highly unlikely that the jury interpreted this repeated charge to mean that its function was simply to plug facts found under some unstated standard into these elements in order to ascertain whether there is a match beyond a reasonable doubt. Indeed, if this were their understanding, we find it difficult to believe that no juror would ask for a clarification; it borders on the absurd for a charge to contain so many references to the reasonable doubt standard if that standard applies only while the jury fills out a check list after the completion of its fact-finding function. While the language used by the trial judge was hardly a model explanation of the reasonable doubt standard, we do not believe that the charge taken as a whole was constitutionally invalid. *Cf. Cupp*, 414 U.S. at 149, 94 S.Ct. at 401 ("Whatever tangential undercutting of [the charge's] clearly stated propositions may, as a theoretical matter, have resulted from the giving of the [challenged instruction] is not of constitutional dimension.").

█ Justice also argues that the trial judge erred in charging the jury regarding its role in determining witness credibility. Although Justice's counsel agreed at oral argument that credibility of witnesses is not an element of an offense and need not be proved beyond a reasonable doubt, he argued that the "credibility" of the ultimate fact must be proved beyond a reasonable doubt. He suggested that because this case involved the testimony of only two witnesses, the complainant and the defendant, the credibility of the witnesses and the "credibility" of the ultimate fact are united. Justice argues that the challenged portion of the charge, as well as the charge as a whole, allowed the jury to convict him solely on the basis of a finding that the prosecution's witness was credible.

As a preliminary matter, we decline to adopt a special rule for cases involving only two opposing witnesses. In all cases, the jury must resolve whether the evidence supports the factual propositions that the prosecution is attempting to prove beyond a reasonable doubt. One way in which jurors make this assessment is by judging the credibility of the witnesses. While the importance of witness credibility may be enhanced in a case involving only two witnesses, it does not follow that simply because a jury finds one witness to be generally believable, it will resolve all factual disputes in accordance with the testimony of that witness. Other factors, such as the witness' perception and memory of a specific incident, as well as a common sense assessment of inconsistent evidence, may lead a jury to reject the testimony of even a generally credible witness.

In this case, the jury was instructed that a doubt could arise "out of the credible evidence or the lack of credible evidence," and if

such a doubt were founded in reason, the jury should acquit. Thus, a mere finding by the jury that the prosecution's witness was generally credible would not automatically lead to a conviction. Therefore, this case differs from *Callahan v. LeFevre*, 605 F.2d 70 (2d Cir.1979), which Justice invokes. In that case, we held that habeas corpus relief was warranted when the jurors were charged that if they believed the testimony of the eye witnesses, then they would be convinced beyond a reasonable doubt. That charge required conviction if the jury found the facts to be as stated by the eye witnesses even by a preponderance of the evidence. This error, combined with several other errors in the charge, rendered the charge constitutionally defective. *Id.* at 73–75. The instruction in this case is clearly distinguishable from the charge in *Callahan.*

We have considered all of Justice's arguments, and conclude that they are without merit. Especially in view of the many instructions in this case that the prosecution must prove each element of the charged crimes beyond a reasonable doubt, we hold that the instructions taken as a whole were constitutionally valid.

We accordingly reverse the judgment of the district court.