101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Andrew STYLES, Petitioner-Appellant,
v.
Richard J. VAN ZANDT, Superintendent of the Washington
Correctional Facility, Respondent-Appellee.
 No. 95-2410.
 United States Court of Appeals, Second Circuit.
 May 15, 1996.
 
 APPEARING FOR APPELLANT: Randall D. Unger, Kew Gardens, N.Y.
 APPEARING FOR APPELLEE:Carolyn Cairns Olson, Assistant Attorney General, State of New York, New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before FEINBERG, CABRANES and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the decision of the district court is AFFIRMED.
 
 
 3
 Andrew Styles, a state prisoner, appeals from an order of June 2, 1995, denying his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Styles was convicted in the New York Supreme Court of second-degree robbery on May 18, 1987, after a jury trial. He pursued a direct appeal as well as various unsuccessful collateral attacks upon his conviction in state court. Styles's first federal habeas petition was dismissed as premature on the ground that he had failed to appeal the denial of two of his state motions to vacate his conviction.
 
 
 4
 Styles's second federal petition, filed on January 3, 1994, raised ten grounds for relief, two of which are pursued on this appeal. Styles contends that: (1) the trial court's instructions to the jury on reasonable doubt permitted his conviction on a lower standard of proof than the Due Process Clause allows; and (2) he was denied effective assistance of counsel by the trial court's failure to remove his appointed counsel.
 
 
 5
 1. A guilty verdict rendered by a jury applying a standard less demanding that "proof beyond a reasonable doubt" is violative of due process. In re Winship, 397 U.S. 358, 364 (1970). In determining whether a reasonable doubt instruction impermissibly diminishes the prosecution's burden of proof, a reviewing court "must consider the challenged portion of the charge not in 'artificial isolation,' but rather 'in the context of the overall charge.' " Justice v. Hoke, 45 F.3d 33, 34 (2d Cir.1995) (quoting Cupp v. Naughton, 414 U.S. 141, 146-47 (1973)). Examining the charge as a whole, we find no constitutional infirmity.
 
 
 6
 The petitioner objects to the following portion of the trial court's reasonable doubt charge:
 
 
 7
 [The reasonable doubt standard] does not require the prosecutor to prove the defendant guilty beyond all doubt or to prove the defendant guilty to a mathematical certainty. Indeed, absolute certainty of that sort is not required. It's a state that's rarely achieved in any human endeavor.
 
 
 8
 The petitioner first claims that the trial court's reference to absolute certainty as "a state that's rarely achieved in any human endeavor " could have conveyed to the jurors the impression that the task of determining the petitioner's guilt or innocence could be equated "with the most mundane tasks." We find it difficult to see how a reasonable juror would draw such a conclusion, inasmuch as the trial court emphasized the weight of the jurors' task by describing reasonable doubt as a doubt that "a reasonable person[ ][is] aware he or she is having in a matter of importance." (Emphasis supplied.)
 
 
 9
 The petitioner further contends that the court, by emphasizing what the prosecution did not have to show--namely, guilt "beyond all doubt" or to a "mathematical" or "absolute" certainty--diverted attention from what the prosecution did have to prove and thereby overstated the quantum of doubt required for acquittal. We are unpersuaded. To the extend that the challenged language makes clear that "absolute" certainty is not required for conviction, it reasonably parallels the language of approved federal and state pattern jury instructions to the effect that the prosecution need not prove the defendant's guilt beyond all possible doubt. See United States v. Sliker, 751 F.2d 477, 486 (2d Cir.1984), cert. denied, 470 U.S. 1058 (1985); 1 Devitt et al., Federal Jury Practice and Instructions § 12.10, at 354 (4th ed. 1992) ("It is not required that the government prove guilt beyond all possible doubt."); 1 Criminal Jury Instructions (New York) 3.07 (The prosecution is not required "to prove the defendant guilty beyond all possibility of doubt."). In any event, any deficiency in the challenged portion of the instruction was cured by the balance of the charge. The court conveyed to the jurors that: (1) the defendant could only be convicted if the evidence established "each and every element of the crime charged" beyond a reasonable doubt; (2) the burden of proof rested at all times with the prosecution; and (3) they must be "fully convinced" of the defendant's guilt before returning a conviction. In sum, examining the court's reasonable doubt charge as a whole, we conclude that the instruction was not constitutionally deficient.
 
 
 10
 2. The petitioner claims that he was denied his Sixth Amendment right to the effective assistance of counsel by the trial court's failure to fully inquire into his motion to relieve his appointed counsel.
 
 
 11
 Styles failed to raise this claim upon direct appeal of his state court conviction, and accordingly the claim is procedurally barred in state court. See Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.1991). The petitioner's procedural forfeiture of the claim in state court bars him from pursuing it in federal court, absent a showing of cause for the procedural default and prejudice resulting therefrom. Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). The petitioner does not attempt to show cause or prejudice, and the district court therefore properly dismissed the Sixth Amendment claim.
 
 
 12
 Accordingly, the judgment of the district court is affirmed.