■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN TAYLOR, Appellant. [665 NYS2d 560] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered December 9, 1994, convicting him of rape in the first degree (four counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of 20 years to life imprisonment on the first count and 10 years to life imprisonment on each of the three remaining counts.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the terms

of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support the verdict is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Solorzano,* 163 AD2d 434). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence was excessive to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review (*see, People v Gray,* 86 NY2d 10, 19-21) or without merit (*see, People v Justice,* 172 AD2d 851, 852; *People v Sparman,* 202 AD2d 452, 453). Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.