NUMBER 13-98-316-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JESUS ESTEVAN MORENO ESCOBAR, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 93rd District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 A jury found appellant, Jesus Estevan Moreno Escobar, guilty of
the offense of aggravated robbery, and the trial court assessed his
punishment at ten years imprisonment. By ten issues, appellant
contends: (1) the evidence is factually and legally insufficient to support
his conviction; (2) the trial court erred in various ways in writing the
jury charge; and (3) he received ineffective assistance of counsel. We
affirm.

A. Background


 The record shows that on April 11, 1997, appellant entered the
Casablanca Clothing store with Estela Garcia. A short time later,
appellant's mother, Dora Campa, and her common-law husband, Arturo
Gonzalez, also entered the store. While Campa attempted to distract
the sales clerk, appellant rolled a pair of designer jeans(1) and a pair of
shorts(2) into small bundles. Garcia then stuffed the bundles inside her
clothing and an empty purse she carried. Campa and Gonzalez left the
store. Appellant and Garcia were approached by store employee
Ricardo Uresti, who followed them outside, demanding the return of the
hidden items. Appellant and Garcia proceeded to a 1979 maroon two-door Chevrolet Monte Carlo in the parking lot, which had already been
backed out of its parking space. Uresti was right behind appellant and
Garcia as they opened the car door and began to enter the back seat. 
He looked over and saw the driver of the vehicle, Gonzalez, had a gun
pointed at him. Uresti backed off, and the car sped away.

B. Legal Sufficiency


 By his seventh issue, appellant complains the trial court erred in
denying his motion for instructed verdict because the evidence is legally
insufficient. By his eighth issue, he contends the trial court committed
harmful federal constitutional error by denying his first motion for new
trial because the evidence is legally insufficient. By his ninth issue,
appellant asserts the evidence is legally insufficient, under the due
course of law provision of article I, section 19 of the Texas constitution,
to support the trial court's judgment.

1. Motion for Instructed Verdict


 Appellant moved for instructed verdict as follows: 

The State has failed to prove the essential elements of the
offense charged against defendant. More specifically the
government has failed to show that Mr. Escobar aided,
abetted, participated or encouraged the crime in this case. 
Without said evidence, Mr. Escobar cannot be charged of
[sic] aggravated robbery through the law of parties. Further,
the State has failed to prove that Mr. Escobar, Defendant,
had the intent to exhibit a weapon, to wit: a firearm, in the
course of the transaction. 


We will treat this issue as a challenge to the legal sufficiency of the
evidence. See Cook v. State, 858 S.W.2d 467, 469 (Tex. Crim. App.
1993) (in requesting an instructed verdict, one is merely challenging the
legal sufficiency of the evidence).

 When reviewing the legal sufficiency of the evidence, the appellate
court shall look at all the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, No.
1915-98, 2000 Tex. Crim. App. LEXIS 12, at *14-15 (Tex. Crim. App.
Feb. 9, 2000); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App.
1995); Turro v. State, 867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993). 
This standard is applied to both direct and circumstantial cases. 
Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Sutherlin
v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App. 1984); Rosillo v.
State, 953 S.W.2d 808, 814 (Tex. App.--Corpus Christi 1997, pet. ref'd). 
Sufficiency of the evidence is measured by the hypothetically correct
jury charge, which accurately sets out the law, is authorized by the
indictment, and does not unnecessarily increase the State's burden of
proof. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997);
Cano v. State, 3 S.W.3d 99, 105 (Tex. App.--Corpus Christi 1999, pet.
ref'd). The jury, as the sole judge of the credibility of the witnesses and
the weight to be given their testimony, is free to accept or reject all or
any part of the testimony of any witness. Tex. Code Crim. Proc. Ann.
art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim.
App. 1982).

 Appellant was charged with aggravated robbery as a party. 
Section 7.01 of the Texas Penal Code provides, in relevant part, as
follows:

(a) A person is criminally responsible as a party to an
offense if the offense is committed by his own conduct,
by the conduct of another for which he is criminally
responsible, or by both.


(b) Each party to an offense may be charged with
commission of the offense. 


Tex. Pen. Code Ann. § 7.01 (a) (Vernon 1994). Section 7.02 further
provides:


(a) A person is criminally responsible for an offense
committed by the conduct of another if: . . .


 (2) acting with intent to promote or assist the
commission of the offense, he solicits,
encourages, directs, aids or attempts to aid the
other person to commit the offense. . . 


Tex. Pen. Code Ann. § 7.02 (Vernon 1994). The elements of robbery are
set forth in Texas Penal Code Section 29.02:

(a) A person commits an offense if, in the course of
committing theft as defined in Chapter 31 and with
intent to obtain or maintain control of the property he:


 (1) intentionally, knowingly, or recklessly causes
bodily injury to another; or


 (2) intentionally or knowingly threatens or places
another in fear of imminent bodily injury or
death.(3)


Tex. Pen Code Ann. § 29.02(a) (Vernon 1994). An aggravated robbery
occurs when a person "commits robbery as defined in Section 29.02
and he . . . uses or exhibits a deadly weapon." Tex. Pen. Code Ann. §
29.03 (Vernon 1994). Therefore, the State was required to prove that
appellant, acting with the intent to promote or assist in the commission
of the aggravated robbery, solicited, encouraged, directed, aided or
attempted to aid in the commission of the offense.

 Circumstantial evidence may be used to prove party status. 
Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994); Cordova
v. State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1988); Beardsley v.
State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987); Rosillo, 953
S.W.2d at 814. In determining whether the accused participated as a
party, the court may look to events occurring before, during and after
the commission of the offense, and may rely on actions of the defendant
which show an understanding and common design to do the prohibited
act. Ransom, 920 S.W.2d at 302; Burdine v. State, 719 S.W.2d 309,
315 (Tex. Crim. App. 1986); Rosillo, 953 S.W.2d at 814. The evidence
must show that at the time of the offense, the parties were acting
together, each contributing some part toward the execution of their
common purpose. Burdine, 719 S.W.2d at 315; Rosillo, 953 S.W.2d at
814; Wilkerson v. State, 874 S.W.2d 127, 130 (Tex. App.--Houston
[14th Dist.] 1994, pet. ref'd). Evidence is sufficient to convict under the
law of parties if the defendant is physically present at the commission
of the offense and encourages its commission by words or other
agreement. Ransom, 920 S.W.2d at 302; Cordova, 698 S.W.2d at 111;
Rosillo, 953 S.W.2d at 814. In determining the sufficiency of the
evidence to show an appellant's intent, and faced with a record that
supports conflicting inferences, we must presume -- even if it does not
affirmatively appear in the record -- that the trier of fact resolved any
such conflict in favor of the prosecution, and we must defer to that
resolution. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991); Farris v. State, 819 S.W.2d 490, 495 (Tex. Crim. App. 1990).

 Viewing the evidence presented in the light most favorable to the
verdict, appellant and his associates went to the Casablanca Clothing
store with a common design to steal merchandise. Appellant was
Campa's son and Gonzalez's stepson. They all lived together in the
same house, and they rode together to the store in the same vehicle. 
Garcia and Campa asked the sales clerk the same question at different
times in a ploy to distract her from the theft. Gonzalez and Campa
exited the store first and had the getaway car ready to go when
appellant and Garcia came out of the store with the stolen merchandise. 
With Uresti in pursuit, appellant and Garcia had to pause to open the
car door, push the front seat forward and enter the backseat. Appellant
entered the car last. During appellant and Garcia's entry into the car
with the stolen items, Gonzalez (the driver of the car) had a gun pointed
at Uresti.

 From the totality of the circumstances, we conclude the jury could
have inferred that appellant, by his actions in entering the getaway
vehicle with the stolen merchandise while Gonzalez pointed a gun at
the victim, knew of the gun and intended to promote or assist in the
aggravated robbery, thereby encouraging or aiding in the commission
of the offense. We hold that any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt, and
that the evidence is legally sufficient to support appellant's conviction. 
Appellant's seventh issue is overruled.

2. Motion for New Trial


 Appellant has incorporated, by reference, his entire motion for new
trial in his brief, but he specifically reurges the portions of his motion
challenging the legal sufficiency of the evidence to show that Garcia,
Gonzalez and Campa were all in the course of committing theft or in the
immediate flight thereafter and threatened or placed the victim in fear
of imminent bodily injury or death by exhibiting a firearm. 

 Appellant points out that the indictment states:

 THE GRAND JURY for the County of Hidalgo, State of
Texas, duly selected, impaneled, sworn, charged and
organized as such at the July Term A.D. 1997 of the 370th
Judicial District Court for said County, upon their oaths
present in and to said court at said term that JESUS
ESTEVAN MORENO ESCOBAR hereinafter styled Defendant,
on or about the 11th day of April A.D., 1997, and before
presentment of this indictment, in Hidalgo County, Texas,
did then and there intentionally and knowingly, while in the
course of committing theft of property from Ricardo Uresti,
the victim, and with intent to obtain and maintain control of
said property, threaten and place the victim in fear of
imminent bodily injury and death, and defendant did then
and there use and exhibit a deadly weapon, to-wit: a firearm.


 Appellant complains of the following language found in paragraph
6 of the jury charge:

 If you find from the evidence beyond a reasonable
doubt that on or about the 11th day of April, 1997, in
Hidalgo County, Texas, Estela Garcia, Arturo Gonzalez, and
Dora Campa, while in the course of committing theft, or
immediate flight thereafter, of personal property from Ricardo
Uresti, the victim, and with intent to obtain or maintain
control of said property, threaten or place the victim in fear
of imminent bodily injury or death by exhibiting a deadly
weapon, to-wit: a firearm, and that Defendant, JESUS
ESTEVAN MORENO ESCOBAR, then and there acting with
intent to promote or assist the commission of the offense, if
any, aided Estela Garcia to commit the offense, if any, by
rolling up jeans or shorts and handing it to Estela Garcia to
conceal, if he did, then you will find Defendant, JESUS
ESTEVAN MORENO ESCOBAR, guilty of the offense of
Aggravated Robbery as alleged in the indictment.


 Appellant argues that because the trial court worded the jury
charge this way, the State was required to prove that all three
accomplices were in the course of committing theft or in the immediate
flight thereafter, when all three placed the victim in fear of imminent
bodily injury or death by exhibiting a firearm. Appellant argues that this
language is incorporated into the court's instructions to the jury in such
a way that the jury was required to find that appellant's three
accomplices all exhibited a firearm before it could find appellant guilty
of aggravated robbery. He further argues that the evidence is legally
insufficient on this point, making the guilty verdict contrary to the law
and evidence. We do not agree with appellant's argument.

 Sufficiency of the evidence is now measured against the
"hypothetically correct jury charge." Malik, 953 S.W.2d at 240; Cano,
3 S.W.3d at 105. In Malik, the trial court erroneously included in the
jury charge an instruction of the legality of the defendant's detention,
a matter which was neither alleged in the indictment nor which the
State was required to prove in establishing the elements of the crime
charged. Malik, 953 S.W.2d at 240. The court of criminal appeals
overruled prior case law in which sufficiency of the evidence was
measured by the jury charge actually given and held that sufficiency
would, henceforth, be measured by a

hypothetically correct jury charge for the case. Such a
charge would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily
increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the
particular offense for which the defendant was tried.


Id.; see also Phelps v. State, 999 S.W.2d 512, 518 (Tex. App.--Eastland
1999, pet. filed) (hypothetically correct jury charge should not include
unnecessary allegations, as they are not legally essential elements of
the crime). The new standard adopted in Malik "ensures that a
judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime, rather than a mere
error in the jury charge submitted." Malik, 953 S.W.2d at 240. Applying
the Malik rationale to this case, we hold the evidence is legally sufficient
to show that appellant committed the crime of aggravated robbery as
a party as measured by a hypothetically correct jury charge. Appellant's
eighth issue is overruled.

3. Due Course Provision of Texas Constitution


 Appellant contends the evidence is legally insufficient to support
his conviction. Thus, the due course provision of article I, section 19 of
the Texas Constitution is being violated. Section 19 provides: "No
citizen of this State shall be deprived of life, liberty, property, privileges
or immunities, or in any manner disenfranchised, except by the due
course of the law of the land." Tex. Const. Art. I, § 19.

 We note, however, that Jackson and Malik are the "due course of
the land." After reviewing the record, we hold that under the Jackson
and Malik standards, the evidence is legally sufficient to support
appellant's conviction. Appellant's ninth issue is overruled.

B. Factual Sufficiency


 By his tenth issue, appellant contends the evidence is factually
insufficient to support his conviction. In reviewing the factual
sufficiency of the evidence, we are not bound to view the evidence in
the light most favorable to the prosecution, and may consider the
testimony of defense witnesses and the existence of alternative
hypotheses. Johnson at *15 (Tex. Crim. App. Feb. 9, 2000); Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We consider all of
the evidence in the record related to the appellant's sufficiency
challenge, comparing the weight of the evidence that tends to prove
guilt with the evidence that tends to disprove it. Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997). We are not free to reweigh
the evidence and set aside a jury verdict merely because we believe that
a different result is more reasonable. Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 135. 

Only if the verdict is against the great weight of the evidence presented
at trial so as to be clearly wrong and unjust, will we reverse the verdict
and remand for a new trial. Clewis, 922 S.W.2d at 133-34; Rosillo, 953
S.W.2d at 813. 

 Appellant did not present any evidence at the trial, and his cross-examination of the State's witnesses did not produce any significant
change in their testimony. After reviewing all the evidence, we hold the
verdict is not so against the great weight of the evidence presented at
trial that it is manifestly unjust and clearly wrong. We hold the
evidence is factually sufficient to support appellant's conviction. We
overrule appellant's tenth issue.

C. Jury Charge


 Appellant contends the trial court erred in various ways in writing
the jury charge. Analysis of jury charge error depends largely on
whether the appellant objected to the complained-of language or
omissions at trial:

If the error in the charge was the subject of a timely
objection in the trial court, then reversal is required if the
error is "calculated to injure the rights of defendant," which
means no more than that there must be some harm to the
accused from the error. In other words, an error which has
been properly preserved by objection will call for reversal as
long as the error is not harmless.


 On the other hand, if no proper objection was made at
trial and the accused must claim that the error was
"fundamental," he will obtain a reversal only if the error is so
egregious and created such harm that he "has not had a fair
and impartial trial" -- in short "egregious harm."

 

Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); see
also Tex. Code. Crim. Proc. Ann. art. 36.19 (Vernon 1981). Therefore,
our first inquiry must be whether the jury charge error complained of on
appeal was objected to at trial. 

1. Objections Made to Jury Charge


 At trial, appellant made several objections to paragraphs 5 and 6
of the jury charge. By his fourth and fifth issues, appellant contends the
trial court erred in denying his request that the words "of aggravated
robbery" be added to paragraph 6 of the jury charge. By his sixth issue,
appellant contends the trial court erred in denying his request that the
words "or knowledge" be added to paragraph 5 of the jury charge.

 Appellant requested the trial court add the words inserted below
in brackets and bold-face type. The trial court denied his requests.

5.


 All persons are parties to an offense who are guilty of
acting together in the commission of an offense. A person
is criminally responsible as a party to an offense if the
offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or by both.


 A person is criminally responsible for an offense
committed by the conduct of another if, acting with intent to
promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person
to commit the offense. Mere presence [or knowledge] alone
will not constitute one a party to an offense.


6.



 If you find from the evidence beyond a reasonable
doubt that on or about the 11th day of April, 1997, in
Hidalgo County, Texas, Estela Garcia, Arturo Gonzalez, and
Dora Campa, while in the course of committing theft, or
immediate flight thereafter, of personal property from Ricardo
Uresti, the victim, and with intent to obtain or maintain
control of said property, threaten or place the victim in fear
of imminent bodily injury or death by exhibiting a deadly
weapon, to-wit: a firearm, and that Defendant, JESUS
ESTEVAN MORENO ESCOBAR, then and there acting with
intent to promote or assist the commission of the offense [of
aggravated robbery], if any, aided Estela Garcia to commit
the offense [of aggravated robbery], if any, by rolling up
jeans or shorts and handing it to Estela Garcia to conceal, if
he did, then you will find Defendant, JESUS ESTEVAN
MORENO ESCOBAR, guilty of the offense of Aggravated
Robbery as alleged in the indictment.


 Unless you so find beyond a reasonable doubt, or if you
have a reasonable doubt thereof, you will acquit the
Defendant of Aggravated Robbery and consider whether he
is guilty of the lesser included offense of Theft. . . . 


 Because appellant objected to the omission of these words from the
jury charge, he need only show "some harm" in order to obtain a
reversal, if he can show that the omission was error.

 Our next inquiry is whether the trial court's denial of appellant's
requested jury charge constitutes error. The function of the jury charge
is to instruct the jury on the law applicable to the case. Dinkins v.
State, 894 S.W.2d 330, 338 (Tex. Crim. App. 1995); Caldwell v. State,
971 S.W.2d 663, 666 (Tex. App.--Dallas 1998, pet. ref'd). When
reviewing charge error, we determine (1) whether error actually exists
in the charge; and (2) whether any resulting harm requires reversal. 
Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998); Duke v.
State, 950 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd) (citing Almanza, 686 S.W.2d at 171). When we review a charge
for alleged error, we must examine the charge as a whole, considering
the workable relationship between the abstract parts of the charge and
those parts that apply the abstract law to the facts of the case. Plata v.
State, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), overruled on other
grounds by Malik v. State, 953 S.W.2d at 234; Caldwell, 971 S.W.2d at
666. The abstract or definitional paragraphs serve as a kind of glossary
to help the jury understand the meaning of concepts and terms used in
the application paragraphs of the charge. Thus, a charge is adequate
if it contains an application paragraph that authorizes a conviction
under conditions specified by other paragraphs of the charge to which
the application paragraph necessarily and unambiguously refers, or
contains some logically consistent combination of such paragraphs. 
Plata, 926 S.W.2d at 302; Caldwell, 971 S.W.2d at 666. The meaning
of a jury charge must be taken from the whole charge. Plata, 926
S.W.2d at 302; Warfield v. State, 974 S.W.2d 269, 271 (Tex. App.--San
Antonio 1998, pet. ref'd); Caldwell, 971 S.W.2d at 667. 

a. Paragraph 5 of the Jury Charge


 In paragraph 5, appellant requested that the words "or
knowledge" be added in the last sentence. Appellant wanted the
sentence to read, "Mere presence or knowledge alone will not
constitute one a party to an offense." Appellant contends the refusal of
this request was error, and subject to the "some harm" test under
Almanza. However, this contention is not supported by the case law.

 Paragraph 5 is an abstract or definitional section that closely tracks
the pertinent statute, Texas Penal Code Section 7.01. A charge
provision that tracks the relevant statute is sufficient. Rosillo, 953
S.W.2d at 815-16 (citing Davis v. State, 651 S.W.2d 787, 792 (Tex.
Crim. App. 1983)); see also Viduarri v. State, 626 S.W.2d 749, 750 (Tex.
Crim. App. 1981) (upholding a jury charge that was substantially the
same as article 38.08 of the code of criminal procedure).

 The knowledge element is adequately covered in paragraph 6, the
application paragraph for aggravated robbery. To convict under this
charge, the jury had to find that appellant acted "with intent to promote
or assist the commission of the offense" in order to find him guilty of
aggravated robbery. If a requested charge is substantially the same as
the charge actually given, there is no error. Baldree v. State, 784
S.W.2d 676, 682 (Tex. Crim. App. 1989); Le Duc v. State, 593 S.W.2d
678, 684-85 (Tex. Crim. App. 1979); Rosillo, 953 S.W.2d at 815-16;
Meador v. State, 941 S.W.2d 156, 163 (Tex. App.--Corpus Christi 1996,
pet. ref'd). Furthermore, appellant's theory, as advanced by the
argument of his trial counsel, was that he had no knowledge of the
presence of the gun. He did not raise any fact issue entitling him to
receive an instruction on "mere knowledge." Therefore, we hold the
trial court did not err by refusing to add the words "or knowledge" to
the last sentence of paragraph 5 of the jury charge. Appellant's sixth
issue is overruled.

b. Paragraph 6 of the Jury Charge


 Paragraph 6 is the application of the law of aggravated robbery to
the facts of the case. Appellant requested that the words "of
aggravated robbery" be added, in two locations, to paragraph 6. 
Appellant wanted the relevant portion of paragraph 6 to read:

. . . that Defendant, JESUS ESTEVAN MORENO ESCOBAR,
then and there acting with intent to promote or assist the
commission of the offense of aggravated robbery, if any,
aided Estela Garcia to commit the offense of aggravated
robbery, if any, by rolling up jeans or shorts and handing it
to Estela Garcia to conceal . . .


Appellant contends the refusal of these requests was error, and subject
to the "some harm" test under Almanza. 

 Again, the meaning of a jury charge must be taken from the whole
charge. Plata, 926 S.W.2d at 302. Appellant was charged with only
two offenses, aggravated robbery and its lesser included offense of
theft. The last sentence of paragraph 6 states that if the jury has a
reasonable doubt as to these circumstances, it must acquit the
defendant of aggravated robbery and consider whether the defendant
is guilty of theft, the elements of which are laid out for the jury in
paragraph 7, the application paragraph for theft. Paragraph 7 further
provides that if the jury has a reasonable doubt as to whether the
defendant is guilty of aggravated robbery or of theft, it must give the
defendant the benefit of the doubt and find him guilty only of theft, or
not guilty. The entire context of the charge makes clear that paragraph
6 authorizes the jury to convict appellant of aggravated robbery, if it is
warranted by the evidence, and paragraph 7 allows the jury to convict
him of theft, if warranted. Therefore, we hold the trial court did not err
by refusing to add the words "of aggravated robbery" to paragraph 6
of the jury charge. Appellant's fourth and fifth issues are overruled.

2. Objections Not Made to Jury Charge


 By his second issue, appellant complains the trial court violated
his Texas constitutional rights by omitting the words "intentionally or
knowingly" from paragraph 6 of the jury charge. By his third issue,
appellant contends the trial court violated his U.S. constitutional rights
by omitting the words "intentionally or knowingly" from paragraph 6 of
the jury charge. Appellant asserts that the omission of these words
"authorized the jury to find [him] guilty upon a set of circumstances that
could not constitute the offense charged." Appellant argues that the
omission of these words was reversible error. However, he did not
object to their omission at trial.

 Appellant claims the relevant portion of paragraph 6 of the jury
charge should have read:

. . . with intent to obtain or maintain control of said property,
did intentionally or knowingly threaten or place the victim in
fear of imminent bodily injury or death by exhibiting a deadly
weapon, to-wit: a firearm, . . .


Because the intent element of "intentionally or knowingly" is required
to convict a defendant of aggravated robbery, we hold the trial court
committed error by omitting this language. Tex. Pen. Code Ann. §§
29.02, 29.03 (Vernon 1994). 

 Appellant claims this omission is a constitutional error that must
be analyzed under the federal "harmless error" rule even though he did
not object to the omission at trial. In Barrera v. State, 982 S.W.2d 415,
417 (Tex. Crim. App. 1998), the appellant did not request a self-defense
instruction at his trial for attempted murder and aggravated assault, or
object to the one given by the court. The trial court gave a self-defense
instruction sua sponte. Id. At 416. On appeal from his conviction of
attempted murder, Barrera complained the trial court had erred by
failing to properly apply the law of self-defense to the facts of the case
and by failing to instruct the jury that a reasonable doubt on the issue
of self-defense required acquittal. Id. Barrera claimed that because
these errors were a violation of his constitutional rights, they should be
analyzed under the federal "harmless error" rule and not under the
"egregious harm" test required by Almanza for unobjected-to jury
charge errors. Id. After holding that the charge was erroneous, the
court of criminal appeals stated:

the failure to apply the law of a case to its facts does not
amount to a federal constitutional error, but is merely a
"technical violation of [a] state-law rule." Brown v. Collins,
937 F.2d 175, 182 (5th Cir.), rehearing en banc denied, 945
F.2d 403 (1991). This conclusion naturally follows from
federal decisions which have concluded that "[n]ormally . . 
 . instructions to the jury in state trials are matters of state
law and procedure not involving federal constitutional
issues." United States ex. rel. Waters v. Bensinger, 507 F.2d
103, 105 (7th Cir. 1974) (quoting Grundler v. North Carolina,
283 F.2d 798, 802 (4th Cir. 1960). Federal courts
considering habeas petitions have announced narrow
guidelines for jury charge error that offends the federal
constitution:


[W]hen reviewing a jury charge for constitutional
infirmity, we must consider the challenged
portion of the charge not "in artificial isolation,"
but rather "in the context of the overall charge." 
Cupp v. Naughten, 414 U.S. 141, 146-47, 94
S.Ct. 396, 400, 38 L. Ed.2d 368 (1973). A
constitutional violation occurs only if "[t]here is a
reasonable likelihood that the jury understood the
instructions to allow conviction on proof
insufficient to meet the Winship standard." (4) 
Victor v. Nebraska, 511 U.S. 1, 6, 114 S.Ct. 1239,
1243, 127 L. Ed. 583 (1994).


Justice v. Hoke, 45 F.3d 33, 34 (2nd Cir. 1995). A trial
court's failure to apply an otherwise correct defensive jury
instruction does not give rise to such a likelihood.


Id. At 417. Thus, it is clear that a trial court's failure to perfectly apply
the law to the facts of the case in an otherwise acceptable jury charge
does not rise to the level of constitutional error. See also Posey v. State,
966 S.W.2d 57, 62-63 (Tex. Crim. App. 1998) (trial judge has no duty
to sua sponte give charge on defensive issue; if defendant does not
request one, and does not object to its omission, there is no error and
Almanza test is not applied); Mann v. State, 979 S.W.2d 639, 641 (Tex.
Crim. App. 1998 ) (no fundamental error exists where charge properly
instructs jury as to State's burden of proof except for one small portion;
Almanza test is applied to any error therein); Toney v. State, 979
S.W.2d 642, 644-45 (Tex. Crim. App. 1998) (total failure to give
instruction as to reasonable doubt is fundamental error analyzed under
federal harmless error rule; however, if partial or substantially correct
charge is given, any error therein is subject to Almanza rule).

 Here, the jury charge contains a proper definition of both
aggravated robbery and party responsibility. Read as a whole, it is clear
the jury was properly asked to evaluate appellant's guilt as to
aggravated robbery in paragraph 6, and as to theft in paragraph 7. We
hold appellant's federal constitutional right to due process was not
violated. We overrule appellant's third issue.

 Unobjected to charge errors not involving federal constitutional
error are subject to the "egregious harm" Almanza standard. Harm is
analyzed by evaluating: (1) the charge itself; (2) the state of the
evidence, including the contested issues and the weight of the
probative evidence; (3) arguments of counsel; and (4) any other relevant
information revealed by the record as a whole. Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996). Errors which result in
egregious harm are those which affect the very basis of the case,
deprive the defendant of a valuable right, or vitally affect a defensive
theory. Id. After reviewing the record, we find no egregious error in
the trial court's failure to properly apply the law to the facts of this case. 
Therefore, we overrule appellant's second issue.

D. Ineffective Assistance of Counsel


 By his first issue, appellant contends he received ineffective
assistance of counsel during trial. Specifically, he complains of his trial
counsel's failure to object to the court's omission of the words
"intentionally or knowingly" from paragraph 6 of the jury charge.

 Claims of ineffective assistance are analyzed under the rule set
forth in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by
Hernandez v. State, 726 S.W.2d 53, 56-56 (Tex. Crim. App. 1986). The
appellant must show: (1) that his trial counsel's performance was not
reasonably effective, falling below an objective standard of
reasonableness under the prevailing professional norms, and (2) this
deficient performance prejudiced his defense to the extent that the
result of the proceeding would have been different. Strickland, 466 U.S.
at 694; Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim. App.
1989). "A reasonable probability" means "a probability sufficient to
undermine confidence in the outcome." Strickland, 466 U.S. at 694; Ex
parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989). A showing
of deficiency requires a demonstration that the trial counsel made errors
so serious that he was not functioning as the "counsel" guaranteed a
defendant under the Sixth Amendment. The prejudice element requires
a showing that trial counsel's errors were so serious as to deprive the
defendant of a fair trial; one whose result is reliable. Strickland, 466
U.S. at 687. The totality of the representation is evaluated from
counsel's perspective at trial, not his isolated acts or omissions in
hindsight. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App.
1990); Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986);
Mayhue v. State, 969 S.W.2d 503, 510 (Tex. App.--Austin 1998, no
pet.). The "reasonably effective assistance" standard does not mean
errorless counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim.
App. 1991); Hernandez v. State, 799 S.W.2d 507, 508 (Tex.
App.--Corpus Christi 1991, pet. ref'd). 

 There is a strong presumption that trial counsel's conduct was
reasonable and constitutes sound trial strategy. Strickland, 466 U.S. at
689. The appellant has the burden of overcoming this presumption by
demonstrating his trial counsel's performance was unreasonable under
prevailing professional norms, and that the challenged action was not
sound trial strategy. Id. at 688; Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991); Mayhue v. State, 969 S.W.2d 503, 511 (Tex.
App.--Austin 1998, no pet.).

 Appellant complains that his trial counsel was ineffective because
he failed to object to the omission of the words "intentionally or
knowingly" from paragraph 6 of the jury charge. However, in our
discussion of appellant's second and third issues, we have held that
appellant's federal constitutional right to due process was not violated
by this omission, and we have found no egregious harm in the trial
court's failure to properly apply the law to the facts of this case. Thus,
appellant has failed to show how the outcome of his trial would have
been different if the words "intentionally or knowingly" had been
included in paragraph 6 of the jury charge.

 The record shows that appellant's trial counsel filed pre-trial
motions, made objections during the trial and the charge conference,
vigorously cross-examined the State's witnesses, and set forth a
plausible defense. After reviewing the entire record, we hold appellant
has not overcome the presumption of reasonableness. We overrule
appellant's first issue.

 The judgment of the trial court is affirmed.

 

 FEDERICO G. HINOJOSA

 Justice


Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. The designed jeans were valued at $79.
2. The shorts were valued at $59.
3. Texas Penal Code Section 7.02(b) provides: "If, in the attempt to carry out a
conspiracy to commit one felony, another felony is committed by one of the
conspirators, all conspirators are guilty of the felony actually committed, though
having no intent to commit it, if the offense was committed in furtherance of the
unlawful purpose and was one that should have been anticipated as a result of the
carrying out of the conspiracy." Tex. Pen. Code Ann. § 7.02(b) (Vernon 1994). This
statute does not apply in this case because the underlying offense is a misdemeanor
theft, not a felony.
4. In re Winship, 397 U.S. 358 (1970) (due process clause requires proof beyond
a reasonable doubt to establish guilt of a criminal charge; the prosecution must
convince the trier of fact of all essential elements of guilt).