**Krissi Lynn CALDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–93–00069–CR.**

Court of Appeals of Texas, Dallas.

May 7, 1998.

Donald R. McDermitt, Plano, for Appellant.

William L. Schultz, Asst. Crim. Dist. Atty., McKinney, for State.

Before CHAPMAN, MORRIS and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

Krissi Lynn Caldwell appeals her conviction for solicitation of capital murder. After finding appellant guilty, the jury assessed punishment at confinement for life. In two points of error, appellant contends: (1) the trial court lacked jurisdiction because the indictment fails to allege an offense; and (2) the trial court erred by overruling her objection to the jury charge. We overrule appellant's points of error and affirm the trial court's judgment.

### Factual and Procedural Background

Appellant's relationship with her parents, Vernon and Rosalyn Caldwell, was troubled for a number of years. Appellant's relationship with her mother was particularly bad. Appellant frequently talked about hating her mother and wishing she was dead. She also told friends "how great" it would be when her parents were dead and she inherited their money.

A particular source of disagreement between appellant and her parents was appellant's boyfriend, Robert Gonzales. After a fight about Gonzales, appellant decided to kill her parents. Gonzales agreed to help appellant, and they went to Salvador Mata's house. Abram Flores, a mutual friend, was at Mata's house watching television with Mata. Gonzales asked Mata and Flores if they would help him kill appellant's parents. Mata and Flores refused to help. Appellant, Gonzales, Mata, and Flores then went to another friend, Ray Hernandez, seeking help with the murders. Gonzales asked Hernandez if he would help kill appellant's parents. Hernandez also refused to participate. Appellant was present both times when Gonzales requested help with the murders. Although she did not speak, she nodded her head and appeared to be agreeing with Gonzales.

Later that evening, Gonzales shot both of appellant's parents. Rosalyn Caldwell died and Vernon Caldwell was seriously injured.[1] After hearing the evidence and argument of counsel, the jury convicted appellant of solicitation of capital murder. The jury then sentenced her to life confinement. This appeal followed.

### Defective Indictment

In point of error one, appellant contends the trial court lacked jurisdiction to try her for solicitation of capital murder because the indictment alleges only solicitation of murder. Specifically, appellant complains that the indictment fails to allege solicitation of capital murder because it alleges only that appellant solicited the death of Rosalyn Caldwell; it did not allege that appellant solicited the deaths of both Rosalyn Caldwell and Vernon Caldwell.

The indictment, in pertinent part, alleges that:

> ... KRISSI LYNN CALDWELL ... with intent that capital murder be committed, request[ed], command[ed], and attempt[ed] to induce Salvador Mata to engage in specific conduct, to-wit: to cause the death of Rosalyn Caldwell, that under the circumstances surrounding the conduct of Salvador Mata, as the defendant believed them to be, would constitute capital murder;[2]

In general, an indictment must plead every element that must be proven at trial. *Dinkins v. State*, 894 S.W.2d 330, 338 (Tex.Crim.App.), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). However, an indictment is sufficient to invest the trial court with jurisdiction if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under

---

1. Both Gonzales and appellant have been tried and convicted of capital murder. This appeal, however, follows appellant's separate trial for solicitation of capital murder.

2. Appellant complains about paragraphs five, nine, and fifteen of the indictment. The paragraphs are identical except that paragraph five alleges appellant requested Salvador Mata to murder Rosalyn Caldwell, paragraph nine alleges appellant requested Raymundo Hernandez to murder Rosalyn Caldwell, and paragraph fifteen alleges appellant requested Abram Flores to murder Rosalyn Caldwell.

which the State intends to prosecute, even if the indictment is defective. *Duron v. State,* 956 S.W.2d 547, 550 (Tex.Crim.App.1997). This is true even if the indictment fails to include elements of the offense. *Id.* Unless the indictment fails to identify the penal statute under which the State intends to prosecute, an appellant waives any complaint regarding omissions from the indictment by failing to object to the indictment prior to trial. *See id.* at 550–51; *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App.1990); *Limas v. State,* 941 S.W.2d 198, 202 (Tex.App.— Corpus Christi 1996, pet. ref'd) (appellant waived challenge to indictment for attempted capital murder that failed to allege aggravating factor that victim was a police officer).

Here, the indictment alleges that appellant, with intent that capital murder be committed, requested, commanded, and attempted to induce Mata, Flores, and Hernandez to murder Rosalyn Caldwell, under circumstances that would constitute capital murder. However, the complained-of paragraphs in the indictment do not specifically allege the solicitation of Vernon Caldwell's murder. The indictment contains separate paragraphs alleging that appellant solicited Mata, Flores, and Hernandez to murder Vernon Caldwell. The omitted allegation in the complained-of paragraphs composes the aggravating feature that the State relied on to elevate the offense from solicitation of murder to solicitation of capital murder. *See Dinkins,* 894 S.W.2d at 338–39. Appellant did not challenge the indictment prior to trial. Thus, unless the indictment fails to identify the penal statute under which the State intends to prosecute, appellant has waived any complaint regarding the omissions in the complained-of paragraphs of the indictment. *See Duron,* 956 S.W.2d at 550–51; *Limas,* 941 S.W.2d at 202.

■ Assuming the indictment fails to allege the aggravating feature the State intended to rely on at trial, it accuses appellant with enough clarity and specificity to put appellant on notice that the State intended to prosecute her for solicitation of capital murder. Therefore, it is sufficient to invest the trial court with jurisdiction. *See Duron,* 956 S.W.2d at 550. By failing to challenge the

indictment prior to trial, appellant has waived any complaint regarding the omissions from the indictment. *See id.; Limas,* 941 S.W.2d at 202. We overrule point of error one.

### Jury Charge

In point of error two, appellant contends the trial court erred by overruling her objection to the jury charge. Appellant maintains that the charge lessened the burden of proof on the State because the jury was required to find only that appellant had solicited the murder of one person. We disagree.

■ The function of the jury charge is to instruct the jury on the law applicable to the case. *Dinkins,* 894 S.W.2d at 339. When we review a charge for alleged error, we must examine the charge as a whole, considering the workable relationship between the abstract parts of the charge and those parts that apply the abstract law to the facts of the case. *See Plata v. State,* 926 S.W.2d 300, 302 (Tex.Crim.App.1996) (discussing connection between definitional instructions and application instructions in the context of vicarious criminal responsibility), *overruled on other grounds by Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App.1997) (holding sufficiency of the evidence is now measured by the elements of the charge as defined by a hypothetically correct jury charge). The abstract or definitional paragraphs serve as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. *Id.* Thus, a charge is adequate if it contains an application paragraph that authorizes a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs. *Id.* at 304.

The application paragraphs submitted to the jury are as follows:

acting by her own conduct or by the conduct of another for which she is criminally responsible, did then and there with intent that capital murder, a capital felony be committed, request, command or attempt

to induce Salvador Mata to engage in specific conduct, to-wit: to cause the death of Rosalyn Caldwell, that *under the circumstances surrounding the conduct of Salvador Mata, as the defendant believed them to be, would constitute capital murder,* then you will find the defendant guilty as charged in paragraph five of the indictment.[3]

(Emphasis added.)

■ The application paragraphs permitted the jury to convict appellant of solicitation of capital murder only if it found appellant solicited the murder of Rosalyn Caldwell under circumstances, as she believed them to be, that would constitute capital murder. "Capital murder" is a term of art. *See Dinkins,* 894 S.W.2d at 339 ("murder" is a term of art). The abstract portion of the charge provided the jury with the applicable definition by instructing the jury that "a person commits the offense of capital murder if he commits murder ... and he murders more than one person during the same criminal transaction."

■ Because the jury was authorized to convict appellant only if Rosalyn Caldwell's death was solicited under circumstances, as appellant believed them to be, that would constitute capital murder, the jury was authorized to convict only under conditions specified by other paragraphs of the jury charge. The "other paragraph" specified that capital murder was the murder of more than one person during the same criminal transaction. Thus, the jury was authorized to convict appellant only if it found that appellant solicited more than one murder. Consequently, considering the jury charge as a whole, we conclude the charge did not lessen the State's burden of proof and did not allow the jury to convict appellant by finding she solicited only the death of her mother.

Further, we note that appellant was indicted under only one theory of solicitation of capital murder, the solicitation of both of her parents' murders. Likewise, the only theory the State presented to the jury was the

solicitation of both of her parents' murders. In closing, the State argued that for the jury to convict appellant, it must determine whether appellant "either herself solicit[ed] the killing of her mother, under the circumstances, that combination of killing mother and father would make a capital murder; or did ˙she, through encouraging Robert Gonzales, through facilitating his inducement, did she engage in that same conduct." Appellant's counsel in closing told the jury that the State had to prove "beyond a reasonable doubt each and every element of the offense of solicitation to commit capital murder. In this situation, murder of A and B." Thus, throughout the entire proceeding, it was clear that the State considered appellant to have committed solicitation of capital murder because she solicited the murders of both her mother and her father. Consequently, the jury could not have been confused or misled by the charge. We overrule point of error two.

Accordingly, we affirm the trial court's judgment.

CHAPMAN, J. dissenting.

CHAPMAN, Justice, dissenting.

I respectfully dissent to the majority's disposition of appellant's second point of error complaining of charge error. I would conclude the jury charge failed to expressly require the jury to find appellant requested, commanded, or attempted to induce another to kill two persons and, thus, did not properly charge the jury on the law of solicitation to commit capital murder. Consequently, I would reverse appellant's conviction and remand for a new trial.

The jury charge is the exclusive instrument upon which the jury receives its instruction on the law. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex.Crim.App.1994). It is therefore essential to a defendant's right to a fair trial that the charge accurately state the law. *Id.* Additionally, the charge should instruct the jury on applying the law to the facts. *See id.* It is not the function of the

---

**3.** Like the indictment, the jury charge contained separate application paragraphs for the solicita-

tion of Mata, Flores, and Hernandez.

charge merely to avoid misleading or confusing the jury; it is the function of the charge to lead the jury and prevent confusion. *Id.* A charge that does not apply the law to the facts fails to lead the jury in its threshold duty, *i.e.*, deciding the facts. *Id.* An erroneous or incomplete charge jeopardizes a defendant's right to a jury trial because it fails to properly guide the jury in its fact-finding function. *Id.* To guide the jury, the charge should inform the jury on which specific acts, if found true, would constitute the offense. *See Newton v. State,* 648 S.W.2d 693, 694 (Tex.Crim.App.1983). Even a partial failure in the court's charge applying the law of the offense to the facts of the case infringes on an accused's federal and state constitutional rights to due process of law, due course of law, and the right to a trial by jury. *See Doyle v. State,* 631 S.W.2d 732, 738 (Tex. Crim.App.1980).

Appellant was charged with solicitation of capital murder. Under section 15.03(a) of the penal code:

> A person commits an offense if, with intent that a capital felony or murder be committed, *he requests, commands, or attempts to induce another to engage in specific conduct that,* under the circumstances surrounding his conduct *as the actor reasonably believes them to be, would constitute the felony* or make the other a party to its commission.

TEX. PENAL CODE ANN. § 15.03(a) (Vernon 1994) (emphasis added).

A person commits capital murder if he commits murder, and murders more than one person in the same criminal transaction. *See* TEX. PENAL CODE ANN. § 19.03(a)(7) (Vernon 1994). A person commits murder if he intentionally or knowingly causes the death of an individual. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 1994).

Thus, according to the relevant statutes and the facts of this case, to prove the offense, the State was required to prove that appellant requested, commanded, or attempted to induce another to kill more than one person.[1] The application paragraph of the jury charge stated:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1992, in Collin County, Texas, the defendant, Krissi Lynn Caldwell, acting by her own conduct or by the conduct of another for which she is criminally responsible, *did then and there with the intent that capital murder, a capital felony be committed, request, command or attempt to induce Salvador Mata to engage in specific conduct, to-wit: to cause the death of Rosalyn Caldwell,* that under the circumstances surrounding the conduct of Salvador Mata, as the defendant believed them to be, would constitute capital murder, then you will find the defendant guilty as charged in paragraph five of the indictment.[2]

(Emphasis added.)

The majority asserts that because the abstract portion of the charge defined capital murder as the murder of more than one person, and because the application paragraph required the jury to find appellant requested Mata to kill one person under circumstances, as appellant believed them to be, would constitute capital murder, the jury was required to find appellant requested Mata to kill two persons. I disagree.

In my opinion, a jury could read this charge to permit a conviction if appellant requested Mata to kill only one person but, because of circumstances that appellant believed to exist, believed Mata would kill two persons. Although the charge "incorporated" the definition of capital murder into the application paragraph, it only did so with respect to the circumstances that appellant believed to exist. It did not incorporate that definition with respect to the specific conduct appellant requested, the so-called "corpus delicti" of the offense. Regardless of the cir-

---

1. The penal code allows a conviction if the defendant requests conduct that would make the other a party to the intended offense. *See* TEX PENAL CODE ANN. § 15.03(a) (Vernon 1994). However, appellant was not indicted under that theory. Nor was that theory contained in the charge.

2. As explained by the majority, the jury was given three separate charges alleging appellant solicited three different people to kill her mother. For clarity, I will refer to Mata throughout the opinion as the solicitee.

cumstances that appellant believed to exist, the State had to prove appellant requested Mata to kill two people. I would conclude that even using the abstract portion of the charge as a glossary, the charge did not require the jury to find appellant requested Mata to kill two people.[3] At best, the jury charge would confuse, rather than guide, the jury. At worst, the charge would authorize conviction under fewer facts than necessary to establish the offense.

I would further conclude the charge failed to apply the law to the facts of the case because it did not inform the jury on which specific acts, if true, would constitute the offense. The gravamen of the offense of solicitation is the "request, command, or attempt to induce" specific conduct. *See Schwenk v. State*, 733 S.W.2d 142, 147 (Tex. Crim.App.1981).[4] The specific conduct constituting the solicited offense in this case was the killing of two persons. In my opinion, the charge should have, at a minimum, instructed the jury that to find appellant guilty, it would have to find appellant requested Mata to kill both her parents.[5]

**3.** The majority's reliance on *Dinkins* is misplaced. In *Dinkins*, the appellant was charged with capital murder. The application paragraph properly alleged the circumstance that elevated the murder to capital murder, *i.e.*, the second murder, but failed to allege all of the constituent elements of the second murder. *See Dinkins v. State*, 894 S.W.2d 330, 339 (Tex.Crim.App.), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). Here, the application paragraph wholly failed to mention the feature that elevated solicitation of murder to solicitation of capital murder. In any event, the manner in which the *Dinkins* application paragraph incorporated the definition of murder did require the jury to find two murders were committed. As explained above, I would conclude the manner in which this charge incorporated the definition of capital murder did not require the jury to find appellant expressly requested Mata to commit two murders.

**4.** Indeed, the "circumstances surrounding the conduct as the defendant believed them to be" is not even an element of the offense. *See Robinson v. State*, 764 S.W.2d 367, 370 (Tex.App.— Dallas 1989, pet. ref'd).

**5.** McCormick, Blackwell & Blackwell's suggested application paragraph in Texas Practice is as follows:

Finally, I would conclude that the charge error was reversible. If error in the charge was the subject of timely objection, as it was here, then reversal is required if the error is "calculated to injure the rights of the defendant," which means there must be "some harm" to the accused. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g). I believe the jury could genuinely have been confused as to whether it was required to find that appellant requested Mata to kill both her parents or whether a finding that she requested Mata to kill only her mother would suffice. I would thus conclude the error was calculated to injure appellant's rights. Consequently, I would reverse appellant's conviction and remand for a new trial.

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, A.B., on or about the ___ day of ___, 19___, in the County of ___, and State of Texas, as alleged in the indictment [*or* information], did then and there with intent that a felony of the first degree [*or* capital felony], to wit:___[*specify*] be committed, the said A.B. requested [*or* commanded *or* attempted to induce] C.D. to engage in specific conduct that, under the circumstances surrounding the conduct of C.D. as said A.B. believed them to be, would constitute said felony [*or* would make C.D. a party to the commission of said felony], to wit: the said A.B. requested [*or* commanded *or* attempted to induce] C.D. to ___ [**specify as in a complaint the conduct that would constitute the felony**], you will find the defendant guilty of the offense of ___ and so say by your verdict....

8 MICHAEL J. MCCORMICK ET AL., TEXAS PRACTICE § 108.03 (10th ed.1995) (italics original) (bold face added). The conduct that would constitute capital murder in this case is the killing of two persons. *See* TEX. PENAL CODE ANN. § 19.03(a)(7) (Vernon 1994).