GRISSAM V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-422-CR

RODGER LOU GRISSAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rodger Lou Grissam challenges the legal and factual sufficiency of the evidence to support his conviction for burglary of a habitation.  We reform the trial court’s judgment to reflect a conviction for the lesser included offense of criminal trespass and remand for a new trial on punishment.

Indictment

In two paragraphs, the indictment charges Appellant with burglary of a habitation by two alternate means, (1) entering a habitation with 
intent to commit theft
 and (2) entering a habitation and 
committing or attempting to commit theft
:

[O]n or about the 27th day of August, 2004, and before the presentment of the indictment, in Hood County, Texas, RODGER LOU GRISSAM, Defendant, did then and there intentionally, without the effective consent of Ashley Carey, the owner thereof, enter a habitation with 
intent to commit theft
,

Paragraph Two: and it is further presented in and to said Court that the said RODGER LOU GRISSAM, Defendant, in the County of Hood and State aforesaid, on or about the 27th day of August, 2004, did then and there intentionally or knowingly, without the effective consent of Ashley Carey, the owner thereof, enter a habitation and 
did attempt to commit or commit theft
. [Emphasis added.] 

See 
Tex. Penal Code Ann. §
 30.02(a)(1), (3) (Vernon 2003) (setting out elements of burglary of a habitation as charged in the indictment).

Evidence

Ashley Carey Greer was the State’s main witness at trial.  She testified that she was alone in the home she shared with her parents one day when she heard someone knocking at the back door.  Greer looked through the door’s peephole and saw two men whom she did not recognize standing at the door and a car parked in the residence’s carport where it could not be seen from the road.  Greer testified that she did not speak or otherwise alert the men to her presence because she did not know them.  She said that as she watched though the peephole, the men knocked on the door a few more times and then wiped their fingerprints from the metal screen door.  The men then jiggled the door knob and opened the door, which was not locked.  Greer testified that she crouched behind the door as it opened.  Both men entered the house.  One man, who was carrying a flashlight, walked into another room of the house, while the other man, whom Greer identified as Appellant, stood at the door.  Greer testified that the other man told Appellant to tell someone who was waiting in the car to honk if they saw anyone coming and that the men would leave through the front door, and Appellant shouted these instructions to whoever was waiting in the car.   

Greer said Appellant eventually closed the door; when he did so, she stood up to confront him.  Appellant was startled and said he was looking for his friend “John.”  The other man came back into the room and said that he was looking for his mother.  The men then left through the same door, got into the car, and drove away.  Greer testified that she saw two women in the car with the men.  She wrote down the car’s license plate number, locked herself in the bathroom, and telephoned her father. 

Greer’s father, Rick Carey, testified that Greer called him and said someone had tried to break into their home.  Carey immediately called 911. 

Hood County Deputy Sheriff Clint Pullin testified that he responded to Carey’s 911 call.  Greer gave him the car’s license plate number, and a sheriff’s dispatcher looked up the corresponding address record.  Deputy Pullin went to that address and found the car.  

Hood County Sheriff’s Investigator Larry Goin testified that he was dispatched to the car’s location, where another law enforcement officer had already taken Appellant, another man, and two women into custody. Investigator Goin arrested Appellant, took him to the Hood County Law Enforcement Center, and interviewed him.  Appellant gave a written statement in which Appellant said that he, his friend, Joey LeFebvre, his wife, and LeFebvre’s girlfriend went to a house looking for “John” and LeFebvre’s mother; LeFebvre knocked on the door and then went inside as he called, “Mom, mom”; a lady stood up from behind the door and said, “No John lives here”; and Appellant called to LeFebvre, who remarked as they left, “We must have the wrong house.”  On cross-examination, Investigator Goin testified that LeFebvre had already been convicted for burglary in connection with the same incident. 

Jury Charge

As we noted above, the indictment alleged two means of committing burglary of a habitation, (1) entering with 
intent to commit theft
 and (2) 
entering and committing or attempting to commit theft
.  But the jury charge recites one means in the abstract portion and the other means in the application portion.  In the abstract portion of the charge, the trial court instructed the jury on entering with intent to commit theft:

Our law provides that a person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation 
with intent to commit 
theft. [Emphasis added.] 

The abstract portion did not instruct the jury on entering and committing or attempting to commit theft.

The situation is reversed in the application portion of the charge.  There, the trial court instructed the jury on entering and committing or attempting to commit theft but not entering with intent to commit theft:

Now if you find from the evidence beyond a reasonable doubt that Defendant, RODGER LOU GRISSAM, in Hood County, Texas, on or about the 27th day of August, 2004, either acting alone or with Joseph LeFebvre as a party to the offense herein before defined, did then and there intentionally or knowingly, without the effective consent of Ashley Carey, the owner thereof, enter a habitation and did attempt to commit or commit theft, then you will find the defendant guilty of the offense of Burglary of a Habitation as alleged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty, and next consider whether he is guilty of the lesser offense of criminal trespass. 

The charge goes on to instruct the jury on criminal trespass.  The jury convicted Appellant of burglary of a habitation and assessed punishment of twelve years’ imprisonment. 

Appellant’s Points

In two points, Appellant argues that the evidence is legally and factually insufficient to support his conviction for burglary of a habitation.

Standards of Review

When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to
 the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  When a court of appeals concludes that evidence is legally insufficient to support a conviction, it may reform the judgment to reflect conviction of a lesser included offense if the evidence is sufficient to support conviction for the lesser included offense.  
Collier v. State
, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  

Abstract or Application?

Before we weigh the sufficiency of the evidence, we must decide whether to measure sufficiency against the means alleged in the abstract portion of the charge—entering with intent to commit theft—or the means alleged in the application portion—entering and committing or attempting to commit theft—or both.

A jury charge should contain both an abstract portion and an application portion.  
Riley v. State
, 830 S.W.2d 584, 586-87 (Tex. Crim. App. 1992); 
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon 2007).  The abstract or definitional paragraphs serve as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge.  
Caldwell v. State
, 971 S.W.2d 663, 667 (Tex. App.—Dallas 1998, pet. ref’d).  The application paragraph of a jury charge is that which authorizes conviction, and an abstract charge on a theory of law which is not applied to the facts is insufficient to bring that theory before the jury.  
McFarland v. State
, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996), 
cert. denied
, 519 U.S. 1119 (1997);
 Campbell v. State
, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1140 (1996).  In the absence of an application paragraph incorporating a theory recited in the abstract portion, a jury is not authorized to convict on that theory.  
Mallard v. State,
 162 S.W.3d 325, 334 (Tex. App.—Fort Worth 2005, pet. ref’d) (citing 
Hughes v. State
, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994), 
cert. denied
, 514 U.S. 1112 (1995)).

In 
Malik v. State
, the court of criminal appeals held that the sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  But in the same opinion, the court also recognized that “due process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury.”  
Id.
 at 238 n.3 (citing 
McCormick v. United States
, 500 U.S. 257, 269-70 & n.8, 111 S. Ct. 1807, 1814-15 & n.8 (1991); 
Dunn v. United States
, 442 U.S. 100, 106, 99 S. Ct. 2190, 2194 (1979)).  Thus, even under 
Malik
’s “hypothetically correct jury charge” standard, sufficiency cannot be measured against a theory that was not submitted to the jury. 

Here, although the abstract portion of the charge instructed the jury on the “entering with intent to commit theft” means of committing burglary, the application portion did not incorporate that theory.  Thus, the jury was not authorized to convict Appellant of burglary under that theory.  
See
 
Mallard, 
162 S.W.3d at 333.  We must, therefore, weigh the sufficiency of the evidence against the theory of burglary that was incorporated into the application portion of the charge, entering a habitation and committing or attempting to commit theft.

Sufficiency: Committing or Attempting to Commit Theft

A person commits the offense of theft “if he unlawfully appropriates property with intent to deprive the owner of [the] property.”  
Tex. Penal Code Ann
. § 31.03(a) (Vernon Supp. 2006).  A person attempts to commit an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.  
Id
. § 15.01(a) (Vernon 2003).

In this case, while there is ample evidence that Appellant entered a habitation without the owner’s consent, there is no evidence that he committed or attempted to commit theft.  There is no evidence that he removed, attempted to remove, or even touched any of the possessions in Carey’s home.  Carey’s testimony that LeFebvre had a flashlight does not establish attempted theft.  
See
 
Flores v. State,
 902 S.W.2d 618, 620 (Tex. App.—Austin 1995, pet. ref’d) (holding defendant’s possession of tire tool and pillowcase during alleged burglary insufficient to prove attempted theft).  This would be a closer case if the court had charged the jury on “entering with intent to commit theft,” but on the record before us, we hold that the evidence is legally insufficient to support a guilty verdict on the theory submitted to the jury, burglary of a habitation by entering and committing or attempting to commit theft.  We therefore sustain Appellant’s first issue and do not reach his second issue, which challenges the factual sufficiency of the evidence.

Sufficiency: Criminal Trespass

Having determined that the evidence is legally insufficient to support the jury’s verdict for the offense of burglary, we now consider whether the evidence is sufficient to support conviction for the lesser included offense of criminal trespass.  
See
 
Collier
, 999 S.W.2d at 782.

A person commits the offense of criminal trespass 
if he enters or remains in a building without effective consent and he had notice that entry was forbidden or received notice to depart but failed to do so.  
Tex. Penal Code Ann. §
 30.05(a) (Vernon Supp. 2006).  A house automatically gives sufficient notice that entry is forbidden because it is an enclosure obviously designed to exclude intruders.  
See Moreno v. State
, 702 S.W.2d 636, 640 n.7 (Tex. Crim. App. 1986); 
Jackson v. State
, 3 S.W.3d 58, 62 (Tex. App.—Dallas 1999, no pet.).  The culpable mental state for the offense is knowingly or intentionally.  
See West v. State
, 567 S.W.2d 515, 516 (Tex. Crim. App. [Panel Op.] 1978) (holding that when the statute governing criminal trespass does not prescribe a culpable mental state, a culpable mental state of intentionally or knowingly is used).

Greer’s testimony established that Appellant entered a house without effective consent when he had notice that entry was forbidden.  A reasonable factfinder could conclude that Appellant committed the trespass knowingly or intentionally, despite his written statement that he and 
LeFebvre
 were looking for “John” or 
LeFebvre
’s mother.  Considering the evidence under the standards of review set forth above, we hold that it is legally and factually sufficient to support a conviction for criminal trespass.

Conclusion

Having held that the evidence is insufficient to convict Appellant of burglary of a habitation but sufficient to convict him of criminal trespass, we reform the trial court’s judgment to reflect a conviction for criminal trespass, reverse the trial court’s judgment on punishment, and remand the case to the trial court for a new trial on punishment only.  
See
 
Tex. R. App. P.
 43.2(b), (d).

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 24, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.