**AFFIRM; Opinion issued February 12, 2013**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-00753-CR**
**No. 05-11-00797-CR**

**NORMAN FOUNTAIN, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-60990-R and F10-053947-R**

## OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice FitzGerald

A jury convicted appellant Norman L. Fountain of two felony violations of a protective order. The jury assessed his punishment at eleven years' imprisonment and a $5000 fine in one case and fourteen years' imprisonment and a $5000 fine in the other case. Appellant raises a single issue in this Court, contending that the trial court erred in overruling appellant's request "that the jury charge contain the element of knowledge of the protective order." We affirm the trial court's judgments.

Kimberly Johnson initially applied for a protective order against appellant, whom she had dated in the past, in 2007. The trial court held a hearing on her application on December 6,

2007.  Appellant had received notice of the hearing, which included Johnson's application and the restrictions she sought.  Appellant attended the hearing and represented himself.  He questioned Johnson, and he was present when the trial court granted the protective order (the "First Protective Order") that day.  Indeed, appellant signed the First Protective Order that day in Johnson's presence.  Appellant subsequently pleaded guilty to violating the First Protective Order on December 10, 2008 by going to Johnson's residence; he was placed on probation.  Appellant was convicted again of violating the First Protective Order by going to Johnson's residence on August 9, 2009.  Then, on November 5, 2009, appellant banged on Johnson's apartment door at 3:30 a.m.  She called 911, but the police were not able to arrest appellant at that time.  He returned at 9:00 the same morning, and this time police were able to locate and arrest him.

The First Protective Order expired after two years, and Johnson applied for another order in December 2009.  Evidence at trial established appellant was served with the application and notice of the hearing—which, again, contained the restrictions sought for the protective order— that was scheduled for December 28, 2009.  Appellant appeared on that date, but he requested the hearing be re-set for January 11, 2010.  The trial court granted his request, but issued a temporary protective order.  Appellant signed that order, which set forth the new date for the hearing.  On January 11, however, appellant did not attend the hearing.  His attorney was present, and when the judge took testimony, the attorney questioned Johnson.  A new protective order was issued at the hearing (the "Second Protective Order"), which again forbade appellant to go near Johnson's residence.  Johnson testified that appellant called her the day of the hearing; he had tried to persuade her not to go through with obtaining another protective order, but she told him on that phone call that she had done so.

2

Shortly after the January 11 hearing on the Second Protective Order, someone in the district attorney's office discovered that the first page of the Second Protective Order contained a typographical error: the order was dated January 11, 2009 instead of January 11, 2010. The district attorney obtained a corrected order nunc pro tunc. The undisputed testimony was that the only change to the order was the correction of the year on the first page. (The incorrect date on the district attorney's form had also been printed on the signature page, but the trial court corrected that error himself when he signed the Second Protective Order.) It appears that neither Johnson nor appellant was informed of the nunc pro tunc order.

On April 1, 2010, appellant repeatedly telephoned Johnson while she was in class. When she arrived at her apartment afterwards, she saw appellant in a car pulling out of the complex. She drove in and parked in an effort to go quickly to her apartment, but appellant turned his car around and blocked Johnson's escape. She refused to get out of the car and called 911; appellant eventually left.

The jury found appellant violated the First Protective Order on November 5, 2009 and the Second Protective Order on April 1, 2010. His appeal challenges the trial court's charge, identical in the two cases in relevant part, because the application paragraph did not include a definition of the knowledge required to violate a protective order.

The penal code defines the offense with which appellant was charged as follows:

A person commits an offense if, in violation of . . . an order issued under Section 6.504, Family Code . . . or Chapter 85, Family Code . . . the person knowingly or intentionally:

. . .

(3) goes to or near any of the following places as specifically described in the order or condition of bond:

(A) the residence or place of employment or business of a protected individual or a member of the family or household.

3

TEX. PENAL CODE ANN. § 25.07(a)(3)(A) (West Supp. 2012). In *Harvey v. State*, 78 S.W.3d 368, 373 (Tex. Crim. App. 2002), the Texas Court of Criminal Appeals held that the element "in violation of an order [issued under the relevant statutes]" must be construed to include a culpable mental state for that element. Specifically, the court concluded the "in violation-of-an-order" element means:

> in violation of an order that was issued under one of those statutes [1] at a proceeding that the defendant attended or [2] at a hearing held after the defendant received service of the application for a protective order and notice of the hearing.

*Id.* Thus, the court stated a trial court's jury charge in a case for violation of a protective order "should include a definition of the term 'in violation of an order issued under [the relevant statutes]' that is similar to the construction we have given it." *Id*.

In this case such a definition was included in the court's charge. The definition given by the trial court reads:

> You are instructed that our law provides that a person commits an offense if, in violation of an order issued under Section 6.504 or Chapter 85 of the Family Code and Article 17.292 of the Code of Criminal Procedure, that was issued under one of the statutes at a proceeding that the defendant attended or at a hearing held after the defendant received service of the application for a protective order and notice of the hearing, the person knowingly or intentionally goes to or near the residence or place of employment or business of a protected individual or a member of the family or household.

Appellant asked for a definition in accordance with the mandate in *Harvey*, and the trial court incorporated the precise definition given in *Harvey* into the abstract section's definition of the offense.[1] Appellant then asked to have the definition repeated in the application paragraph; the court denied that request.

---

[1] The definition given by the trial court reads:

> You are instructed that our law provides that a person commits an offense if, in violation of and order issued under Section 6.504 or Chapter 85 of the Family Code and Article 17.292 of the Code of Criminal Procedure, that was issued under one of the statutes at a proceeding that the defendant attended or at a hearing held after the defendant received service of the

4

When an appellant alleges jury-charge error on appeal, we first determine whether the jury charge is in fact erroneous. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If the charge is erroneous, we analyze the error for harm. *Id.* If the appellant properly objected to the error in the trial court, we will reverse if the appellant suffered "some harm" from the error. *Id*.

At the outset, we conclude the trial court followed *Harvey*'s directive. *Harvey* calls for a definition of the element of violation of a protective order that will inform the jury that a violation must incorporate the defendant's having "some knowledge of the protective order." 78 S.W.3d at 373. In *Harvey*, the court approved an instruction that was not as detailed as the one in appellant's charge, and that was included—as appellant's was—within the abstract definition of the offense, not the application paragraph.[2]

This Court has explained that the abstract paragraphs serve as a kind of "glossary" to help the jury understand the meaning of concepts and terms used in the application paragraph of the charge. *See Caldwell v. State*, 971 S.W.2d 663, 666 (Tex. App.—Dallas 1998, pet. ref'd). "Thus, a charge is adequate if it contains an application paragraph that authorizes a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs." *Id.* In appellant's charge, the application paragraph tracks the

---

application for a protective order and notice of the hearing, the person knowingly or intentionally goes to or near the residence or place of employment or business of a protected individual or a member of the family or household.

[2] The definition given in the *Harvey* trial court read:

A person commits the offense of violation of a protective order if, in violation of a protective order *issued after notice and hearing*, the person knowingly or intentionally commits family violence.

78 S.W.3d at 373 (emphasis in original). The court of criminal appeals quoted this definition and then went on to say that "[t]his was the essence of the construction we have given Section 25.07(a) of the Penal Code" for such protective orders. *Id.*

5

penal code and refers "necessarily and unambiguously" to the definition of the offense found in the abstract portion of the charge:

> Now, if you find from the evidence beyond a reasonable doubt that on or about November 5th, 2009, in Dallas County, Texas, the defendant, Norman Lynn Fountain, did then and there intentionally or knowingly go to or near the residence of Kimberly Johnson, hereinafter called complainant, a protected individual, at 6900 South Cockrell Hill Road #1002, Dallas, Texas, in violation of an order issued by the 292nd District Court of Dallas County, Texas, signed by the Court on the 6th day of December, 2007, under authority of Section 6.504 and Chapter 85 of the Family Code and Article 17.292 of the Code of Criminal Procedure, and said place was specifically described in the aforesaid order, and further, prior to the commission of the aforesaid offense alleged above, the defendant had previously been convicted two times of the following violation of a Protective Order . . . then you will find the defendant guilty of Violating a Protective Order as charged in the indictment.

The reference to "in violation of an order" issued under the relevant statutes clearly refers jurors to the full definition given above the application paragraph in the abstract "glossary." We conclude reasonable jurors would refer to the abstract definition of violation of an order without needing to have it repeated again in the application paragraph. *See Vasquez v. State*, PD-0321-11, 2012 WL 4511366, at *6 (Tex. Crim. App. Oct. 3, 2012) (reasonable jury would refer to abstract definition of law of parties without needing to have it repeated again in application paragraph). Accordingly, we discern no error in the trial court's refusal to repeat the definition in the application paragraph.

In the interest of judicial economy, we also conclude appellant clearly suffered no harm from the court's ruling, because the record makes clear that appellant had the knowledge of the two orders that is required by the *Harvey* rule. The evidence is undisputed that appellant attended the hearing on the First Protective Order. Thus, appellant had knowledge of that order under *Harvey*. *See* 78 S.W.3d at 373 (requirement satisfied by order issued at proceeding that defendant attended). Moreover the evidence is undisputed that appellant received notice of the hearing on the Second Protective Order, which notice included the application and the

6

restrictions proposed for that order.  *See id.* (requirement satisfied by order issued at hearing held after defendant received service of application for order and notice of hearing).  Appellant appeared in accordance with that notice, but he asked to have the hearing re-set.  He received and signed a temporary protective order, but then he failed to appear at the hearing that took place on the very day he had requested.  The substance of the Second Protective Order, including the prohibition of going near Johnson's residence, did not change when the date on the order was corrected by nunc pro tunc order; at all times, appellant had notice of the prohibition he was accused of violating.  Even assuming error in the charge, it could not have caused appellant any actual harm.

We overrule appellant's single issue, and we affirm the trial court's judgment.


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
110753F.U05

7



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NORMAN FOUNTAIN, Appellant

No. 05-11-00753-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-60990-R.
Opinion delivered by Justice FitzGerald.
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 12, 2013.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

8



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NORMAN FOUNTAIN, Appellant

No. 05-11-00797-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 256th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-53947-R.
Opinion delivered by Justice FitzGerald.
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 12, 2013.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE