

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00054-CR

ANTHONY ALONSO FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A3410-1206, Honorable Robert W. Kinkaid Jr., Presiding

October 13, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Anthony Alonso Flores appeals from his jury conviction of the offense of aggravated assault and the resulting sentence of ten years of imprisonment. He contends the trial court's charge to the jury was erroneous in two respects, and contends the errors caused him egregious harm. We will affirm the judgment of the trial court.

## Background

The evidence showed an early-morning-hour confrontation involving two groups of men, one group gathered in front of Lori Sifuentes's house in Dimmitt, Texas, the other group in a vehicle driving past the house. Three men, Adrian Pena, his brother Jerardo Pena, Jr. and Colby Perez, were in the vehicle. Appellant Flores was among the men gathered at the house.

Adrian Pena had seen Flores earlier in the night at a convenience store. Adrian testified Flores tried to hit him through Adrian's car window. Adrian, joined by others, later looked for Flores around town but did not find him. Sometime still later, Adrian, Perez, and Jerardo left their location again. As they drove around town, they saw people in the street in front of Sifuentes's house, stopped, and got out of their vehicle. Some testimony showed that Flores had thrown something at their vehicle. When they confronted Flores, he hit Perez. Flores then asked a man to get Flores's knife from his car. The State's evidence showed Flores pursued Adrian with his knife and stabbed him five times. Jerardo intervened in the fight between his brother and Flores. Jerardo testified he tried to kick the knife out of Flores's hand while Flores was on the ground but acknowledged he instead kicked Flores in the face. He later realized he had been stabbed twice in the back. The three re-entered their car and left. Not far away, they were side-swiped by Flores's car.

Sifuentes and two other women present during the fight testified. They told slightly differing versions. Some testimony indicated Adrian was the initial aggressor in his fight against Flores. Flores did not testify, and no one contested the fact that he

2

stabbed Jerardo twice in the back. The indictment in this case accused Flores of aggravated assault of Jerardo, using a deadly weapon.

At the close of the evidence, the court included self-defense instructions in the charge, over the State's objection. Flores's points on appeal involve the language the court employed in those instructions. The defense raised no objection to the charge at trial.

Analysis

The purpose of the jury charge is to instruct the jury on the law that applies to the case and to guide the jury in applying the law to the facts of the case. *Delgado v. State,* 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007) (trial court shall give jury "a written charge distinctly setting forth the law applicable to the case"). It is the function of the charge to lead the jury and to prevent confusion. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). When reviewing a charge for alleged error, we must examine the charge as a whole, considering the relationship between the abstract or definitional paragraphs and the application paragraphs. *Caldwell v. State,* 971 S.W.2d 663, 666 (Tex. App.—Dallas 1998, pet. ref'd). The abstract paragraphs serve as a glossary to help the jury understand the terms used in the application paragraphs of the jury charge. *Granados v. State*, No. 14-03-00432-CR, 2004 Tex. App. LEXIS 5705 (Tex. App.—Houston [14th Dist.] June 24, 2004, no pet.) (mem. op., not designated for publication), *citing Grady v. State,* 614 S.W.2d 830, 831 (Tex. Crim. App. 1981).

When reviewing claims of jury-charge error, we first determine whether an error actually exists in the charge. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If error exists and appellant objected to the error at trial, then we determine whether the error caused sufficient harm to require reversal. *Id.; Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *see also Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). When, as here, the error was not brought to the attention of the trial court, we will not reverse for jury-charge error unless the record shows egregious harm. *Barrios,* 283 S.W.3d at 350.

In making our determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171; *see Garrett v. State,* 159 S.W.3d 717, 719-21 (Tex. App.—Fort Worth 2005), *aff'd,* 220 S.W.3d 926 (Tex. Crim. App. 2007). Jury charge error causes egregious harm to the defendant if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Almanza,* 686 S.W.2d at 171. In analyzing harm from a jury charge error, neither the State nor the defense has a burden to show harm. *Warner v. State*, 245 S.W.3d 458, 462, 464 (Tex. Crim. App. 2008).

In three places, the charge's abstract instructions refer to the law regarding the relationship between self-defense and retreating. By his first issue, Flores complains of the first of those references. The charge contains this paragraph:

A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as

4

above set out, and when he reasonably believes that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force, and if a reasonable person in defendant's situation would not have retreated.

The paragraph accurately reflects some provisions of Penal Code § 9.32(a), but the last clause told the jury it must find a reasonable person in Flores's situation would not have retreated. Flores argues, and the State concedes, the inclusion of that language was error. The parties are correct. Under 2007 amendments, section 9.32 no longer contains "a general duty to retreat" prior to using deadly force. TEX. PENAL CODE ANN. § 9.32(a) (West 2013); *Morales v. State*, 357 S.W.3d 1, 5 (Tex. Crim. App. 2011).

However, the State argues the record does not show the error caused Flores egregious harm, and we agree.

In place of the "general duty to retreat" previously contained in the self-defense statute, the Legislature's 2007 amendments substituted descriptions of situations in which the actor does not have a duty to retreat before using deadly force. *Morales*, 357 S.W.3d at 5. Section 9.32(c) reads:

> A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force as described in this section.

TEX. PENAL CODE ANN. § 9.32(c).

The court's charge contained a paragraph reciting the language of section 9.32(c). This is the second mention of retreat in the charge. The third time retreating is addressed in the abstract paragraphs is a sentence stating simply, "You are not to

5

consider whether the actor failed to retreat." That sentence appears at the end of the paragraph that quotes section 9.32(c).[1]

In our consideration of the charge as a whole, we must also take into account the application paragraph on self-defense. It read:

> Now, if you find beyond a reasonable doubt that the defendant, Anthony Alonzo Flores, on or about the 27th day of May, 2012, in Castro County, Texas, did then and there intentionally, knowingly, or recklessly cause bodily injury to Jerardo Pena, Jr. by stabbing him with a knife and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife during the commission of said assault, but you further find from the evidence, or you have a reasonable doubt thereof, that at the time the defendant was under attack or attempted attack from Adrian Pena, Jerardo Pena, Jr., or both and that the defendant reasonably believed, as viewed from his standpoint, that such deadly force as he used, if any, was immediately necessary to protect himself against such attack or attempted attack, and so believing, he intentionally, knowingly, or recklessly caused bodily injury to Jerardo Pena, Jr. by stabbing him with a knife, then you will acquit the defendant and say by your verdict "not guilty."

The jury might well have been confused by the charge's varying abstract instructions regarding retreating, which ranged from the outdated instruction suggesting a general duty to retreat to the instruction jurors likely saw as telling them flatly not to consider whether Flores failed to retreat. But the charge's application paragraph said nothing about any requirement to retreat as a condition of self-defense. For acquittal under a self-defense theory, the application paragraph required only that the jury find Flores was under attack or attempted attack by either or both of the Pena brothers, and that he reasonably believed from his standpoint that deadly force was immediately

---

[1] The sentence apparently was predicated on section 9.32(d), which provides that for purposes of its determination whether an actor reasonably believed that the use of deadly force was necessary, under section 9.32(a)(2), a finder of fact may not consider whether the actor failed to retreat.

necessary to protect himself against their actual or attempted attack. We do not believe the charge read as a whole supports a finding of egregious harm from the presence of the outdated "general duty to retreat" language appended to the charge's abstract paragraph based on Penal Code section 9.32(a). *See Bazanes v. State,* 310 S.W.3d 32, 39 (Tex. App.—Fort Worth 2010, pet. ref'd)*, citing Cook v. State,* 884 S.W.2d 485, 492 n.6 (Tex. Crim. App. 1994) (application paragraph does not cure any error in the instruction, but does factor into harm analysis); *Medina v. State,* 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) (where application paragraph correctly instructs the jury, error in abstract instruction is not egregious).

Nor do the state of the evidence, including the contested issues and weight of probative evidence, or the argument of counsel support a conclusion that the error regarding a duty to retreat caused Flores egregious harm. Even the State's evidence showed Flores was on the ground when Jerardo kicked him, and no argument of counsel focused on any duty or opportunity on Flores's part to retreat. There was testimony that the females present at Sifuentes's house urged the Pena brothers and Perez to leave after they got out of their vehicle, and Flores's counsel pointed to that testimony in closing argument.[2] Although the State certainly argued Flores's knife attack on Jerardo was not an act of self-defense, the State's argument never mentioned retreating.

---

[2] Flores's counsel told the jury, "The Pena boys admitted, and Colby admitted that the girls were trying to get them to leave [the street in front of the home]. What if the guys had just left? Would we be here today?" Later in counsel's argument, after he again emphasized the testimony that the females present repeatedly asked the Pena brothers and Perez to leave, he mentioned a duty to retreat, in a somewhat confusing sentence, stating, "If the law will tell you that he doesn't have a duty to retreat, if you believe that there were certain things going on – well he was already at his family's house." The State's argument never mentioned retreating.

In sum, having considered all factors, we cannot find that the presence of the outdated "general duty to retreat" language appended to the charge's abstract paragraph based on Penal Code section 9.32(a) vitally affected Flores's theory of self-defense. We resolve Flores's first issue against him.

By his second issue, Flores argues that the following language the trial court included in the abstract paragraphs was erroneous. He contends it had the effect of limiting the jury's finding of self-defense by requiring it to find Flores had reason to believe that either or both of the Pena brothers were committing or attempting to commit murder. He points out that section 9.32(a)(2)(A) also permits use of deadly force if the actor reasonably believes it immediately necessary to protect him against the other's use or attempted use of unlawful deadly force. *See* TEX. PENAL CODE ANN. § 9.32(a)(2)(A) (West 2013).

We think the contention misconstrues the language and purpose of the abstract paragraph. The paragraph, which is based on section 9.32(b), describes circumstances under which the actor's belief that deadly force is immediately necessary is *presumed to be reasonable*. *See* TEX. PENAL CODE ANN. § 9.32(b)(1)(C) (West 2013). It does not, contrary to Flores's contention, limit the circumstances in which the actor is justified in using deadly force to those provided by section 9.32(a)(2)(B).

Flores's second issue is overruled. Flores's third issue asserted the court's charge errors caused him egregious harm. We have addressed that assertion in our treatment of his first issue, and we need not address harm with regard to his second

issue because we do not agree it contains the error he sees.  *See Barrios*, 283 S.W.3d at 350 (appellate court first determines whether error exists in the charge).

Having overruled Flores's appellate contentions, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.