

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00229-CR

ANTHONY WILSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 16F0386-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

During the course of a robbery in Bowie County, Anthony Wilson, Jr., shot and killed Casey Smith. Wilson was indicted on one count of capital murder and, alternatively, one count of felony murder. A Bowie County jury found Wilson guilty of capital murder, and Wilson was sentenced to life in prison. On appeal, Wilson alleges that a flaw in the jury charge caused him egregious harm. Because we find no reversible error in the jury charge, we affirm.

## I.       Was the Jury Charge Fundamentally Defective?

In his sole point of error on appeal, Wilson argues that because the abstract portion of the jury charge failed to include the definition of murder, the charge was "fundamentally defective because it directed the jury to find [him] guilty of capital murder based upon an underlying felony murder, rather than" an intentional murder, as alleged in the indictment.

We employ a two-step process in our review of alleged jury charge error. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007)). "The purpose of the jury charge . . . is to inform the jury of the applicable

law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id.* (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

Here, count one of the indictment alleged that Wilson had committed capital murder by intentionally causing Smith's death by shooting him with a gun in the course of committing or attempting to commit robbery. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011), § 19.03(a)(2) (West Supp. 2017). Count two alleged that Wilson had committed felony murder by committing an act clearly dangerous to human life, namely shooting Smith with a gun, while in the course of intentionally or knowingly committing robbery. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011). What distinguishes this alleged capital murder from felony murder is the intent to kill. *See Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004) (citing *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999)). Although felony murder may be an unintentional murder committed in the course of committing a felony, "capital murder includes an intentional murder committed in the course of robbery." *Id.* (citing *Fuentes*, 991 S.W.2d at 272); *see* TEX. PENAL CODE ANN. §§ 19.02(b)(1), (3), 19.03(a)(2).

Section one of the jury charge defined felony murder, capital murder, and robbery as follows:

> Our law provides that a person commits the offense of murder if commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.
>
> Our law provides that murder, however, is capital murder when the person intentionally commits the murder in the course of committing or attempting to commit the offense of robbery.

3

Our law provides that a person commits the offense of robbery if, in the course of committing theft and with intent to obtain and maintain control of property of another, he intentionally or knowingly causes bodily injury to another.

While the charge includes definitions of felony murder, capital murder, and robbery, it fails to include the definition of murder under Section 19.02(b)(1), which states, "A person commits [murder] if he: . . . intentionally or knowingly causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1). The application portion of the charge read as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 29th day of March, 2016, in Bowie County, Texas, the defendant, ANTHONY WILSON, JR., did then and there, intentionally cause the death of an individual, CASEY SMITH, by shooting CASEY SMITH with a gun, and the defendant, ANTHONY WILSON, JR.[,] was then and there in the course of committing or attempting to commit the offense of robbery, then you will find the defendant guilty of Capital Murder as charged in the indictment.

> Unless you find beyond a reasonable doubt that defendant is guilty of Capital Murder, under these instructions, or if you have a reasonable doubt thereof, you will acquit him of that offense, and next consider whether he is guilty of the lesser offense of Felony Murder.

> Now, if you find from the evidence beyond a reasonable doubt that on or about March 29, 2016, the defendant did then and there intentionally or knowingly commit a felony offense, to-wit: robbery, and while in the course of and in furtherance of the commission of the said offense, did then and there commit or attempt to commit an act clearly dangerous to human life, namely, shooting CASEY SMITH, which caused the death of CASEY SMITH, then you will find the defendant guilty of the lesser offense of Felony Murder.

> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the lesser offense of Felony Murder and say by your verdict Not Guilty.

4

Wilson argues that by omitting the definition of murder from the charge, the offense definitions instructed the jury "that they should find [him] guilty of capital murder if they found that [he] committed felony murder during the course of robbery." We disagree.

"The abstract or definitional portions of a jury charge are designed to help the jury understand the meaning of concepts and terms used in the charge's application portions." *Martin v. State*, 252 S.W.3d 809, 814 (Tex. App.—Texarkana 2008, pet. dism'd) (citing *Caldwell v. State*, 971 S.W.2d 663, 667 (Tex. App.—Dallas 1998, pet. ref'd)). A jury is only "authorized to convict based on the application portion of a charge; an abstract charge or a legal theory does not bring that theory before the jury unless the theory is applied to the facts." *Id.* (citing *McFarland v. State*, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996) (per curiam), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998); *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995)).

"A charge is adequate if it contains an application paragraph that authorizes a conviction under conditions specified by other paragraphs of the charge to which the application paragraph necessarily and unambiguously refers." *Id.* (citing *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). "If the application paragraph of a jury charge does not incorporate a theory recited only in the abstract portion of the charge, a jury cannot convict on that theory." *Id.* (citing *Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994); *Mallard v. State*, 162 S.W.3d 325, 334 (Tex. App.—Fort Worth 2005, pet. ref'd)). Here, the trial court's charge defined felony murder, capital murder and robbery, omitting the definition of murder. Even though the charge did not include

5

the Section 19.02(b)(1) definition of murder, the application paragraph regarding capital murder correctly applied the facts to the Section 19.02(b)(1) definition, thereby authorizing the jury to convict Wilson of capital murder only if it found that during the course of the robbery, Wilson intentionally caused Smith's death by shooting him with a gun. We have previously held that even where the "abstract portion of the charge is questionable," there is no jury charge error when, as here, "the application portion essentially tracks the indictment." *Id*. at 815.

Further, because there was no objection to the jury charge below, Wilson was required to show that any harm suffered by him due to an error in the charge was egregious. In *Martin*, we also found that "[e]ven if there were error, there was no harm" because "[a]n erroneous definitional section of a jury charge can be 'saved' by a proper application section." *Id*. Here, because the jury was only authorized to convict Wilson on the application paragraph, Wilson cannot demonstrate, as he argues, that by omitting the definition of murder from the charge, the charge essentially instructed the jury "that they should find [him] guilty of capital murder if they found that [he] committed felony murder during the course of robbery." "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see Grady v. State*, 614 S.W.2d 830, 831 (Tex. Crim. App. [Panel Op.] 1981). Therefore, we overrule Wilson's first point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     July 2, 2018
Date Decided:       August 1, 2018

Do Not Publish